Raymond J. DONOVAN, SECRETARY of LABOR, United States Department of Labor, Plaintiff-Appellant,

v.

Lee NICHOLS, Defendant-Appellee.

No. 80–1568

Summary Calendar.

United States Court of Appeals, Fifth Circuit.
Unit A

May 28, 1981.

Allen H. Feldman, Andrea C. Casson, U.S. Dept. of Labor, Washington, D. C., for plaintiff-appellant.

Kullman, Lang, Inman & Bee, Walter W. Christy, Stephen Rose, New Orleans, La., for defendant-appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This is an appeal by plaintiff, the Secretary of Labor, from an order of the district court granting the motion of defendant Lee Nichols for summary judgment, and ordering the Secretary to pay Nichols' attorneys' fees. The Secretary appeals only from that portion of the district court's order that grants attorneys' fees.

On March 5, 1979, a well blew out on an oil drilling platform located on the outer continental shelf in the Gulf of Mexico. The blowout resulted in a fire and explosion that killed at least three employees, and which seriously injured three others. The drilling platform on which the accident occurred was owned by Placid Oil Company and was situated on a lease granted by the Secretary of the Interior, acting through the United States Geological Survey. On the date of the accident, Penrod Drilling Company, as contractor, was drilling a well on Placid's platform.

On March 12, 1979, the United States Coast Guard, jointly with the United States Geological Survey, and under the authority of 43 U.S.C. § 1333 and 33 C.F.R. part 146, commenced an investigation of the March 5th well blowout. Representatives of the Occupational Safety and Health Administration (OSHA) attended, but did not participate in the hearings.

Pursuant to sections 8(a) and 8(c)(2) of the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq., OSHA subsequently commenced its own investigation of the accident. On March 14, 1979, OSHA issued under the authority of section 8(b) of the Act, a subpoena ad testificandum requiring Nichols, an employee of Penrod, to appear to testify regarding the working conditions on the platform. Nichols dishonored the subpoena and failed to appear to testify. The Secretary then filed this action in the district court, pursuant to section 8(b) of the Act, to order Nichols to comply with the subpoena. The district court, on Nichols' motion for summary judgment, denied enforcement of the Secre-

tary's subpoena on the ground that the Secretary's authority to investigate the accident was preempted by section 4(b)(1) of the Act, and, finding that the lawsuit was "oppressively commenced and prosecuted . . . in order to harass the defendant," ordered the Secretary to pay the attorneys' fees incurred by Nichols in defense of the lawsuit. The Secretary appeals the award of attorneys' fees only, and argues (1) that the doctrine of sovereign immunity, as codified in 28 U.S.C. § 2412, precludes an award of attorneys' fees against the United States in this case; and (2) that, in any event, the Secretary's actions do not constitute "bad faith".

> 28 U.S.C. § 2412(a) provides in part that: Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action.

As the above-quoted language indicates, awards for attorneys' fees are expressly excluded from the section 2412 waiver. Accordingly, under section 2412, the United States, or any agency or official thereof, is immunized against awards of attorneys' fees absent express statutory authority to the contrary. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 267–68, 95 S.Ct. 1612, 1626, 44 L.Ed.2d 141 (1975).

In the present case, the district court referred to no statutory authority for its award of attorneys' fees against the Secretary. Rather, the court relied upon the traditional equitable power of the federal courts to award attorneys' fees against parties who litigate in bad faith. *See Hall v. Cole,* 412 U.S. 1, 4, 93 S.Ct. 1943, 1945, 36 L.Ed.2d 702 (1973). The district court's holding, however, confuses the preclusive effect of section 2412 with that of the so-called "American Rule," which generally recognizes the obligations of litigants to bear their own cost of counsel. In recogniz-

ing in the context of an award of attorneys' fees against a private party a "bad faith" exception to the American Rule, the Supreme Court has "nowhere suggested that § 2412's prohibition of attorney's fees contained, by implication, a bad faith exception." *Gibson v. Davis,* 587 F.2d 280, 282 (6th Cir. 1978), *cert. denied* 441 U.S. 905, 99 S.Ct. 1993, 60 L.Ed.2d 374 (1979); *Rhode Island Committee on Energy v. General Services,* 561 F.2d 397, 405 (1st Cir. 1977). In *Rhode Island Committee on Energy,* the First Circuit correctly reasoned that:

> By its literal terms § 2412 admits of no judicially fashioned "bad faith" exception. Only exceptions "specifically provided by statute" will subject the United States or its agencies to liability for attorney's fees. Section 2412 is a limited waiver of sovereign immunity and as such, it's "limitations and conditions . . . must be strictly observed . . . ."

*Rhode Island Committee on Energy v. General Services,* 561 F.2d at 405, *quoting Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957) (citations omitted). *See also Knights of the Ku Klux Klan v. East Baton Rouge Parish School Board,* 643 F.2d 1034 (5th Cir. 1981). Wholly apart from the question whether a private party in these circumstances would be subject to an award of attorneys' fees under the "bad faith" exception, no such award may be imposed against the Secretary absent a clear and express statutory waiver. Consequently, the district court erred in awarding attorneys' fees in this case. In view of this holding, it is unnecessary to review the district court's finding that the Secretary prosecuted this action in bad faith.

For the reasons stated above, the district court's award of attorneys' fees in the amount of $11,757.34 against the Secretary is reversed.

REVERSED.